OPINION
Defendant-Appellant, Thomas B. Winters ("Appellant"), brings this appeal from a judgment issued by the Marysville Municipal Court finding Appellant guilty of one count of improperly handling firearms in a motor vehicle. For the reasons set forth in the following opinion, we affirm the trial court's judgment.
In the early morning on September 12, 2000, Michael Bradford and Roberta Johnson entered the Raymond House Restaurant and Campground in order to visit Shad Ervin who resided at the campground. The campground was owned and managed by Appellant, who had not given Bradford and Johnson permission to enter the campground.
Bradford, who was operating the vehicle, entered the campground on a one-way exiting path in order to avoid an obstacle preventing access to the campground entrance. Appellant was making rounds at the time in his own vehicle, attempting to catch unauthorized persons entering the campground. Appellant discovered Bradford and Johnson, and a confrontation ensued. Appellant discharged a gun, which he kept inside his vehicle, out of the vehicle's window in order to force Bradford and Johnson to leave. Bradford and Johnson subsequently left the campground.
On January 18, 2001, Appellant was tried by the Marysville Municipal Court, and found guilty, on a charge of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(A), a misdemeanor of the first degree. Appellant was sentenced to a thirty-day suspended jail term, ordered to perform sixty hours of community service, fined $300.00, and placed on probation for a period of one year. This appeal followed.
Appellant presents the following as his assignments of error on appeal:
 Assignment of Error 1 The trial court's finding of guilty is against the manifest weight of the evidence.
 Assignment of Error 2 The trial court erred in failing to comply with the requirements of R.C. 2901.04 to the substantial prejudice of Appellant.
 Because they are interrelated, we will address both of Appellant's assignments of error together.
Appellant alleges that the trial court found Appellant to be standing on the ground adjacent to his truck when he fired his gun through the open window, and that therefore, the court's judgment is against the manifest weight of the evidence and that the court further erred by failing, pursuant to R.C. 2901.04(A), to strictly construe the words "in" and "on" as used in R.C. 2923.16(A), which states that "[n]o person shall knowingly discharge a firearm while in or on a motor vehicle." We disagree.
The standard to apply when reviewing a manifest weight of the evidence claim has been set forth as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Martin (1983), 20 Ohio App.3d 172, 175, Statev. Thompkins (1997), 78 Ohio St.3d 380, 387. Furthermore, an appellate court should grant a new trial only in an exceptional case "where the evidence weighs heavily against the conviction." Id.
Appellant testified that prior to discharging the weapon he exited his truck and fired it through the truck door's open window, standing on the ground, using the door as a shield. However, both Johnson and Ervin testified that Appellant was inside his truck at all times during the encounter. Johnson specifically testified that she could see through the rearview mirror that Appellant was seated inside his truck and had not exited during the encounter. Ervin then testified that he did not see Appellant exit his vehicle at any time during Appellant's confrontation with Bradford and Johnson. Instead, Ervin testified that Appellant was inside his vehicle, "sitting in the driver's side seat of his truck," and "[t]he window was down."
At the conclusion of the evidence, the trial court rendered its decision as follows:
 I'm going to enter a finding of guilty in the case. By Mr. Winters' own admission, he did fire the gun. He said he fired it through the window of the vehicle. I think that's sufficient to make out the elements of the offense, and therefore, the Court enters a finding of guilty. Transcript at 60.
 From that statement alone, it is not clear that the trial court concluded that Appellant was standing on the ground adjacent to or outside his vehicle when he discharged his firearm. Instead, it is at least equally inferable that the trial court concluded, based upon the evidence before it, that Appellant, seated in his vehicle, had fired a gun through the open window of his vehicle, and, on that basis, determined that the elements of the offense had been satisfied.
A trial court's judgment is presumed to be correct, and where there is competent, credible evidence to support each essential element of the case, this Court will not reverse the trial court. See C.E. Morris Co.v. Foley Constr. Co. (1978), 54 Ohio St.2d 279 . The credibility and weight applied to the evidence is committed to the judgment of the finder of fact, and cannot be reversed on appeal. See Seasons Coal v. City ofCleveland (1984), 10 Ohio St.3d 77.
Appellant has failed to establish that the trial court found him to have been standing on the ground adjacent to or outside his vehicle when he discharged his gun.
A complete review of the record here leads this Court to conclude that the trial court neither lost its way nor failed to properly construe the statute in rendering its judgment. Accordingly, Appellant's assignments of error are not well taken and are therefore overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
 __________________ WALTERS, P.J.
SHAW and HADLEY, J.J., concur.